**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GREDA NOA,**

    **Plaintiff,**

 **v.**                  **CASE NO:**

**LOWMAN BEACON WOODS LLC**

**d/b/a BEACON WOODS GOLF COURSE,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GREDA NOA, (hereinafter "Plaintiff" or "Ms. Noa"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, LOWMAN BEACON WOODS LLC d/b/a BEACON WOODS GOLF COURSE (hereinafter "Defendant," or "Beacon Woods") and alleges:

**INTRODUCTION**

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on sex/gender and sexual orientation, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations. Plaintiff also brings this

action against Defendant to recover damages for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), breach of contract, and unpaid wages under Florida Statute § 448.08.

2.     As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her sex/gender and sexual orientation, subjected her to a hostile work environment, systematically deprived her of earned wages through timecard manipulation, and retaliated against her for complaining about discriminatory treatment and wage violations, all in violation of her rights under Title VII, the FLSA, and Florida law.

3.     As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to: loss of income, unpaid wages, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, humiliation, and stress-related health issues requiring medical treatment and ongoing therapy.

4.     Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Pasco County, Florida.

## PARTIES

8.     Plaintiff is a 50-year-old female who identifies as a butch lesbian. Plaintiff resides at 10538 Azalea Dr, Port Richey, FL 34668.

9.     Plaintiff is a member of a class protected against discrimination and retaliation based on her sex/gender and sexual orientation under Title VII and the FCRA.

10.    During the period from September 24, 2024, until February 5, 2026, Defendant employed Plaintiff as a maintenance operator.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the FLSA, and Florida Statute § 448.08.

13.    The Defendant is LOWMAN BEACON WOODS LLC d/b/a BEACON WOODS GOLF COURSE, a limited liability company with a principal place of business located at 12507 Clock Tower Pkwy, Bayonet Point, FL 34668, Pasco County, Florida.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Pasco County, Florida, as a

privately owned golf course employing fifteen or more employees.

15. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the FLSA, and Florida Statute § 448.08.

16. Accordingly, Defendant is liable under Title VII, the FLSA, and Florida Statute § 448.08 for the unlawful discrimination, retaliation, wage violations, and breach of contract to which it subjected Plaintiff as more fully alleged herein.

## ADMINISTRATIVE PREREQUISITES

17. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18. On March 17, 2026, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on sex and retaliation (EEOC Charge No. 511-2026-02446).

19. On March 30, 2026, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination against Defendant.

20. This action is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC.

21. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22. On September 24, 2024, Defendant hired Plaintiff as a maintenance operator at a starting wage of $13.50 per hour. Plaintiff was the only female employee among the maintenance staff at Defendant's golf course facility.

23. Despite being hired specifically as a maintenance operator, from the outset of her employment, Plaintiff was assigned cleaning duties, including cleaning bathrooms and offices, while all male employees were assigned traditional maintenance roles involving outdoor grounds work and equipment maintenance.

24. From the beginning of her employment, Plaintiff was required to store her personal belongings in a locker located inside the men's restroom, as no alternative facility was provided. As a result, Plaintiff was repeatedly exposed to male employees entering, using the facilities, and changing clothes, subjecting her to embarrassment and humiliation.

25.     The men's restroom also contained a sexually explicit light fixture depicting male genitalia, further contributing to an objectively offensive and hostile work environment.

26.     When Plaintiff expressed discomfort regarding being forced to use the men's locker room, supervisors and coworkers dismissed her concerns, telling her, "you know you're one of the guys," referencing her sexual orientation.

27.     Throughout her employment, Plaintiff was subjected to frequent derogatory comments and jokes about being a lesbian by male coworkers, including José, Eddie, Frank, Tom B, Skyler, Gary, Chris, James, and Larry.

28.     Male coworkers regularly made inappropriate sexual comments in Plaintiff's presence, and Plaintiff's supervisor, Todd Verbout, participated in and condoned such conduct, reinforcing the hostile work environment.

29.     Plaintiff was also excluded from workplace social activities, including cookouts and gatherings, and was not directly invited to events that included all male employees.

30.     Owner Matt Lowman further singled out Plaintiff for disparate treatment, including directing comments at her during breaks in a manner not applied to male employees.

31. On one occasion when work was delayed due to freezing conditions, Plaintiff purchased breakfast for the crew. In response, Lowman approached Plaintiff and, without invitation, grabbed her shoulder and squeezed it tightly twice. This conduct was unwelcome, made Plaintiff uncomfortable, and differed from how Lowman interacted with male employees, whom he thanked verbally without physical contact.

32. The workplace environment was further intimidating, including the visible presence of bullets on a mechanic's table, which, in the context of the ongoing harassment, caused Plaintiff to feel targeted and unsafe.

33. Despite satisfactory performance, Plaintiff was excluded from bonuses provided to male employees and was promised wage increases that were delayed or never implemented.

34. Throughout her employment, Supervisor Todd Verbout manipulated Plaintiff's time records to reduce her compensable hours, while male employees' time records were not altered. Plaintiff possesses photographic evidence of these discrepancies.

35. For example, during a frost delay, Plaintiff's punch-in time was altered from 4:53 a.m. to 9:00 a.m., while male employees were paid for their full time. Similarly, when instructed to "round up" hours, only Plaintiff's

time was reduced.

36. Plaintiff was not properly paid for all hours worked, did not receive overtime compensation, and experienced irregularities in tax withholding from her wages.

37. Plaintiff also experienced disregard for her personal property and concerns. When her jacket was stolen from the locker area, her complaint was dismissed by management.

38. In February 2026, Plaintiff complained to Supervisor Verbout regarding timecard manipulation and payroll issues. Her concerns were dismissed and denied.

39. As a result of the ongoing harassment, discrimination, and wage violations, Plaintiff experienced significant stress and developed health issues, including high blood pressure and sleep disturbances.

40. On February 4, 2026, Plaintiff took leave to attend a medical appointment related to stress. The following day, February 5, 2026, Defendant terminated her employment via text message without explanation.

41. The timing of Plaintiff's termination—immediately following her complaints and medical appointment—demonstrates retaliatory intent.

42. Following her termination, Plaintiff required ongoing medical and psychological treatment, including therapy beginning February 14, 2026, and continued care for stress-related conditions.

43. Plaintiff received a final paycheck that did not fully compensate her for all hours worked due to the prior timecard manipulation.

44. Defendant operates without a human resources department, leaving Plaintiff without a meaningful avenue to report discrimination or harassment without fear of retaliation.

45. Another long-term employee has also been terminated and is prepared to testify regarding Defendant's discriminatory practices.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including lost wages, unpaid compensation, emotional distress, mental anguish, medical expenses, and damage to her professional reputation.

## COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
#### Sex Discrimination — Disparate Treatment

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

48. Plaintiff is a female and therefore a member of a protected class

under Title VII of the Civil Rights Act of 1964, as amended.

49.    At all times material, Defendant was an employer within the meaning of Title VII.

50.    Defendant intentionally treated Plaintiff less favorably than similarly situated male employees because of her sex.

51.    Such disparate treatment included, without limitation, assigning Plaintiff cleaning duties and bathroom and office cleaning despite hiring her as a maintenance operator, excluding her from workplace social events and bonuses provided to male employees, delaying or denying wage increases, manipulating her time records while not similarly manipulating male employees' time records, and terminating her employment under circumstances giving rise to an inference of discrimination.

52.    Plaintiff was qualified for her position and performed her job satisfactorily.

53.    Defendant's conduct constituted intentional discrimination against Plaintiff because of her sex in violation of Title VII.

54.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, mental anguish, humiliation, and other compensatory

damages recoverable under law.

**WHEREFORE**, the Plaintiff, GREDA NOA, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, LOWMAN BEACON WOODS LLC d/b/a BEACON WOODS GOLF COURSE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by discriminating against Plaintiff based on her sex/gender;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the sex/gender discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.   Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the

nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### Sex Discrimination — Hostile Work Environment

55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

56.    Plaintiff is a female and therefore a member of a protected class under Title VII.

57. At all times material, Defendant was an employer within the meaning of Title VII.

58. During her employment, Plaintiff was subjected to unwelcome harassment because of her sex.

59. The harassment included, without limitation, being forced to keep her belongings in the men's restroom, repeated exposure to male employees entering or using that area, exposure to sexually explicit workplace fixtures, daily sexual comments and inappropriate remarks by coworkers, and sexually inappropriate conversations in Plaintiff's presence.

60. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

61. Plaintiff subjectively perceived the environment to be hostile and abusive, and a reasonable person in Plaintiff's position would have found the environment hostile and abusive.

62. Defendant knew or should have known of the harassment and failed to take prompt and appropriate remedial action, or alternatively the harassment was perpetrated by supervisors and is imputable to Defendant.

63. Defendant thereby violated Title VII.

64. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including emotional distress, mental anguish, humiliation, medical and counseling expenses, lost wages, and other compensatory damages recoverable under law.

**WHEREFORE**, the Plaintiff, GREDA NOA, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, LOWMAN BEACON WOODS LLC d/b/a BEACON WOODS GOLF COURSE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by discriminating against Plaintiff based on her sexual orientation;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the sexual orientation discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.  Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.  Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.  Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.  Award Plaintiff her reasonable attorneys' fees, expert witness fees, and the costs of this action pursuant to applicable law; and

G.  Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### Sexual Orientation Discrimination

65.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

66. Plaintiff is a lesbian and therefore is protected from discrimination under Title VII.

67. At all times material, Defendant was an employer within the meaning of Title VII.

68. Defendant discriminated against Plaintiff because of her sexual orientation.

69. Such discrimination included, without limitation, derogatory comments and jokes about Plaintiff being a lesbian, statements that Plaintiff was "one of the guys" because she is a butch lesbian, using stereotypes concerning Plaintiff's sexual orientation to justify inappropriate workplace treatment, and subjecting Plaintiff to different terms and conditions of employment because of her sexual orientation.

70. Defendant's discrimination was intentional and deprived Plaintiff of equal terms, conditions, and privileges of employment in violation of Title VII.

71. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, mental anguish, humiliation, and other compensatory damages recoverable under law.

**WHEREFORE**, the Plaintiff, GREDA NOA, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, LOWMAN BEACON WOODS LLC d/b/a BEACON WOODS GOLF COURSE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by discriminating against Plaintiff based on her sexual orientation;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the sexual orientation discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.  Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to

Title VII;

D. Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F. Award Plaintiff her reasonable attorneys' fees, expert witness fees, and the costs of this action pursuant to applicable law; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### Retaliation

72. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

73. At all times material, Defendant was an employer within the meaning of Title VII.

74. Plaintiff engaged in statutorily protected activity when she opposed and complained about discrimination and harassment based on sex

and sexual orientation, including complaints to Supervisor Todd Verbout in or about February 2026.

75. Defendant was aware of Plaintiff's protected activity.

76. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse action, including continuation of the discriminatory treatment and termination of her employment on February 5, 2026.

77. The adverse action was causally related to Plaintiff's protected activity.

78. Defendant's stated reasons, if any, for its actions were pretextual, and the real reason for the adverse action was retaliation for Plaintiff's opposition to unlawful practices prohibited by Title VII.

79. Defendant thereby violated Title VII's anti-retaliation provisions.

80. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, mental anguish, humiliation, and other compensatory damages recoverable under law.

WHEREFORE, the Plaintiff, GREDA NOA, requests trial by jury of all

issues so triable as of right, demands judgment against the Defendant, LOWMAN BEACON WOODS LLC d/b/a BEACON WOODS GOLF COURSE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by retaliating against Plaintiff for engaging in protected activity;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's retaliatory conduct and actions pursuant to Title VII;

D. Award Plaintiff all other damages available under Title VII,

including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.   Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.   Award Plaintiff her reasonable attorneys' fees, expert witness fees, and the costs of this action pursuant to applicable law; and

G.   Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT V**
**COMMON LAW CLAIM FOR UNPAID WAGES**

81.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

82.   Defendant employed Plaintiff at an agreed hourly rate of pay, initially $13.50 per hour and later $14.25 per hour.

83.   Plaintiff performed work for Defendant for which Defendant agreed to compensate her.

84.   Defendant failed to pay Plaintiff for all hours worked by reducing her recorded time and failing to pay all earned wages.

85.   As a direct and proximate result of Defendant's failure to pay earned wages, Plaintiff suffered damages in an amount to be proven at trial.

86.   Plaintiff is entitled to recover her unpaid wages, together with any other relief available under Florida law.

WHEREFORE, the Plaintiff, GREDA NOA, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, LOWMAN BEACON WOODS LLC d/b/a BEACON WOODS GOLF COURSE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant materially breached the implied contract for employment and wage payment;

B. Award Plaintiff damages for the breach of contract, including unpaid wages, lost wage increases, and other economic losses caused by the breach;

C. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

D. Award Plaintiff her reasonable attorneys' fees and the costs of this action to the extent allowed by law; and

E. Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VII
## BREACH OF CONTRACT

87.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

88.     Plaintiff and Defendant entered into an agreement under which Plaintiff would perform work for Defendant in exchange for payment at agreed hourly wage rates, including an initial rate of $13.50 per hour and a later rate of $14.25 per hour.

89.     In addition, Defendant promised Plaintiff a further wage increase to $15.00 per hour.

90.     Plaintiff performed her obligations under the parties' agreement by working for Defendant.

91.     Defendant breached the agreement by failing to pay Plaintiff in accordance with the agreed terms, including by failing to provide the promised wage increase to $15.00 per hour.

92.     As a direct and proximate result of Defendant's breach, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, the Plaintiff, GREDA NOA, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, LOWMAN BEACON WOODS LLC d/b/a BEACON WOODS GOLF COURSE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant materially breached the implied contract for employment and wage payment;

B.   Award Plaintiff damages for the breach of contract, including unpaid wages, lost wage increases, and other economic losses caused by the breach;

C.   Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

D.   Award Plaintiff her reasonable attorneys' fees and the costs of this action to the extent allowed by law; and

E.   Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 19th day of April 2026.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com